UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPTIGEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL GENETICS, INC., et al, <br><br> Defendants. | Civil No. 09-cv-00006 <br> (GTS/GJD) <br> (LEAD CASE) |
| OPTIGEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS A&M UNIVERSITY SYSTEM, et al., <br><br> Defendants. | **CONSENT JUDGMENT** <br><br><br> Civil No. 5:09-CV-457 <br> (GTS/GJD) <br> (MEMBER CASE) |

WHEREAS, Plaintiff OptiGen, LLC ("OptiGen") filed a Complaint in this matter on January 5, 2009 and an Amended Complaint in this matter on March 17, 2011 (collectively, the "Complaint"), against Defendants International Genetics, Inc., Genetic Fulfillment USA, LLC, PinPoint DNA Technologies, Inc., and Richard B. Dobbins (the "InGen Defendants"), alleging patent infringement, unfair competition, and violations of the Lanham Act related to the testing of canine DNA for certain genetic disorders;

NOW, THEREFORE, in the interest of resolving OptiGen's claims asserted against the InGen Defendants, without trial, OptiGen, the InGen Defendants, and their employees (hereinafter collectively referred to as the "Parties") hereby stipulate and consent to entry of this Consent Judgment, pursuant to Fed. R. Civ. P. 54 and 58, as set forth below:

1. The InGen Defendants and their employees and agents shall be permanently enjoined from all activity, including but not limited to the making, using, offering to sell, and/or

selling, of any product or service in countries or territories in which OptiGen has patented protection for the inventions contained in the following patents:

      (i)     U.S. Patent No. 5,804,388
      (ii)    U.S. Patent No. 6,201,114
      (iii)   U.S. Patent No. 6,210,897
      (iv)   U.S. Patent No. 6,428,958
      (v)    U.S. Patent No. 7,312,037
      (vi)   U.S. Patent No. 7,285,388

2. The InGen Defendants and their employees and agents shall not provide others with material assistance in practicing the inventions contained in the patents identified in paragraphs 1. The prohibition contained in this paragraph is without geographical limitation, and prohibits the InGen Defendants from providing material assistance to any person or entity located anywhere in the world.

3. Without limiting the foregoing, the Parties agree that testing canine DNA for the following genetic disorders is conduct prohibited by paragraphs 1 and 2 of this Consent Judgment: PRCD (Progressive Rod-Cone Degeneration); CLAD (Canine Leukocyte Adhesion Deficiency); CSNB/prad (Congenital Stationary Night Blindness or Retinal Dystrophy); and FN (Autosomal Recessive Nephropathy).

4. The InGen Defendants and their employees agree that they will not contest the validity of the patents identified in paragraph 1.

5. The Parties agree that there will be no disparaging statements made by any Party against the other following the execution of this Consent Judgment. The Parties agree not to make any materially misleading statements or to disparage each other (or their employees), or any business, product, publication, or trade name that is used by or affiliated with them to, including but not limited to, the media, any governmental agency, any current or former

employee, representative or agent, or any current, former, or prospective customer or client of either Party.

6. This Consent Judgment shall bind the InGen Defendants, its agents, employees, officers, directors, affiliates, attorneys, and all other individuals or entities acting or purporting to act on their behalf or under their control, and shall be binding on any and all successors and assigns of the InGen Defendants, and their agents, employees, officers, directors, affiliates attorneys, and all other individuals or entities acting or purporting to act on their behalf, or under their control.

7. The Parties have read this Consent Judgment and voluntarily agree to its entry.

8. In consideration of the stipulated relief, the sufficiency of which is acknowledged, the Parties shall fully, completely, and mutually release one another, including all of their past and present agents, employees, officers, directors, and affiliates of any and all claims connected with or arising out of the allegations contained in the Complaint and Answer in the above-captioned action, up to and including the date of this Consent Judgment.

9. The Parties agree to bear their own costs and fees in this matter.

10. Each Party participated in the drafting of this Consent Judgment, and each agrees that the Consent Judgment's terms may not be construed against or in favor of any Party by virtue of draftsmanship. Each signatory further agrees they have authority to enter into this Consent Judgment.

11. This Consent Judgment, including any issues relating to its interpretation or enforcement, shall be governed by the laws of New York. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Judgment.

Dated: November 9, 2012                                          OPTIGEN, LLC


By: __s/Jodyann Galvin_____
    HODGSON RUSS LLP
    Robert J. Lane, Jr.
    Jodyann Galvin
    Melissa N. Subjeck
    The Guaranty Building
    140 Pearl Street
    Buffalo, New York 14202
    Telephone: (716) 856-4000

    *Attorneys for Plaintiff OptiGen, LLC*


THE INGEN DEFENDANTS


By: __s/Charles E. Peeler_____
    FLYNN PEELER & PHILLIPS, LLC
    Charles E. Peeler, Esq.
    517 West Broad Avenue
    Albany, GA 31701
    229.446.4886



By: __s/Robert M. Ward_____
    DILWORTH IP
    Robert M. Ward
    2 Corporate Drive, Suite 206
    Trumbull, Connecticut 06611

    *Attorneys for InGen Defendants*


SO ORDERED                                          BY THE COURT


Dated: November 14, 2012                            _____
                                                   Hon. Glenn T. Suddaby
                                                   United States District Judge

042290/00002 Litigation 7067724v2